UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sungchan Song, Hanna Song, Karen Lucas-Barros, and Aseo Jo,<br><br>          Plaintiffs,<br><br>          -against-<br><br>Kensington International, Inc., John Gelin, Eyan Edwards, Rhina Hernandez, and The Business Buyers Club, LLC,<br><br>          Defendants. | **Civil Case No. 1:21-cv-00543-ENV-RER**<br><br>**EYAN EDWARD'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND <u>THIRD PARTY CLAIMS</u>** |
| Eyan Edwards,<br><br>          Cross-Claim/Third Party Plaintiff,<br><br>          -against-<br><br>Kensington International, Inc., John Gelin, Rhina Hernandez, The Business Buyers Club, LLC, and Burke McFarland,<br><br>          Cross-Claim/Third Party Defendants. | |

Defendant Eyan Edwards ("Defendant" or "Edwards"), by his undersigned attorneys, hereby answers the Complaint filed February 1, 2021 [Dkt. No.: 1] (the "Complaint") of plaintiffs Sungchan Song ("Sungchan"), Hanna Song ("Hanna"), Karen Lucas-Barros ("Lucas-Barros"), and Aseo Jo ("Jo") (collectively, "Plaintiffs") as follows:

**I.      As and for a Response to "Introduction"**

1.  Defendant acknowledges the nature of the Complaint and the causes of action contained therein and denies any liability to Plaintiffs.

2.    Defendant admits that he held himself out at certain times as the Vice President of Client Development of Kensington International, Inc. ("Kensington").  Defendant admits that John Gelin ("Gelin") held himself out as the Chief Executive Officer of Kensington.  Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 2 of the Complaint.

3.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 3 of the Complaint.

4.    To the extent the allegations of Paragraph 4 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 4, except Defendant denies that he is or was a "principal" of Kensington and denies that he executed any promissory notes or personal guarantees as described in Paragraph 4, and, to the extent Defendant executed any such promissory notes or guarantees, Defendant denies that he was a maker, obligor, or guarantor of any such instrument.

5.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 5 of the Complaint.

6.    To the extent the allegations of Paragraph 6 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 6 of the Complaint.

7.    To the extent the allegations of Paragraph 7 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph

7, except Defendant admits that Gelin has been previously convicted of certain unrelated crime(s) and denies that Defendant is a "smooth-talking schemer[] . . . ."

8.    To the extent the allegations of Paragraph 8 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 8, except Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 8, except Defendant admits he sent certain materials to Plaintiffs.[1]

9.    To the extent the allegations of Paragraph 9 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 9, except Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 9.

10.   To the extent the allegations of Paragraph 10 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 10, except Defendant denies that he has ignored Plaintiffs' inquiries and denies that he acted in bad faith.

---

[1] Defendant further avers that the Complaint fails to define the term "Joint Venture Agreements" and, from the context used in the Complaint, "Joint Venture Agreements" sometimes appears to refer collectively to the joint venture agreements, the promissory notes, and guarantees. Other times the term "Joint Venture Agreements" appears to refer only to the documents titled "joint venture agreement." *See*, e.g., ¶¶ 26, 28. Often, the Complaint refers separately to the promissory notes and guarantees. *Id.* Consequently, it is often unclear whether Plaintiffs are alleging that Defendant executed the joint venture agreements, promissory notes, and guarantees, or merely the joint venture agreements. Defendant interprets references in the Complaint to "Joint Venture Agreements" as excluding the promissory notes and guarantees. Defendant does not address the promissory notes and guarantees unless Plaintiffs make specific allegations regarding the promissory notes and guarantees. Any failure to address those documents should not be taken as an admission.

11.  To the extent the allegations of Paragraph 11 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 11, except Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 11.

12.  To the extent the allegations of Paragraph 12 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 12, except Defendant admits that Defendant met a man named Burke McFarland ("McFarland") in a bar and introduced McFarland to Kensington's Chief Executive Officer, Gelin. Defendant further admits that he believes McFarland, Gelin, or other individuals may have absconded with certain capital, but denies knowledge or information sufficient to form a belief with respect to whether that capital was invested by Plaintiffs.  For the avoidance of doubt, Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 12 of the Complaint.

13.  To the extent the allegations of Paragraph 13 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 13, except Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 13.

14.  To the extent the allegations of Paragraph 14 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies that he personally engaged in any of the conduct set forth in Paragraph 14 or caused Plaintiffs to

suffer any of the alleged damages and denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 14.

## II. As and for a Response to "Jurisdiction and Venue"

15.     To the extent the allegations of Paragraph 15 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies that he is a resident of New Jersey and denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 15.

16.     To the extent the allegations of Paragraph 16 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 16.

17.     To the extent the allegations of Paragraph 17 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 17 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 17 for a true and accurate rendition of the terms contained therein, except Defendant denies that he executed the promissory note and, to the extent Defendant may have executed any promissory note, he did not execute it as a maker, obligor, or guarantor.

## III. As and for a Response to "Parties"

### A. As and for a Response to "Plaintiffs"

18.     To the extent the allegations of Paragraph 18 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph

18 and respectfully refers the Court to the documents referenced in Paragraph 18 for a true and accurate rendition of the terms contained therein.

19.     To the extent the allegations of Paragraph 19 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 19 and respectfully refers the Court to the documents referenced in Paragraph 19 for a true and accurate rendition of the terms contained therein.

20.     To the extent the allegations of Paragraph 20 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 20, and respectfully refers the Court to the documents referenced in Paragraph 20 for a true and accurate rendition of the terms contained therein.

**B. As and for a Response to "Defendant Kensington"**

21.     To the extent the allegations of Paragraph 21 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 21 and respectfully refers the Court to the documents referenced in Paragraph 21 for a true and accurate rendition of the terms contained therein.

22.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 23 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 23 for a true and accurate rendition of the terms contained

therein.

24.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 24 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 24 for a true and accurate rendition of the terms contained therein.

25.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 25 of the Complaint.

### C.  As and for a Response to "Other Defendants"

26.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 26 of the Complaint, except Defendant admits, upon information and belief, that Gelin is the sole owner of Kensington, controller of Kensington's bank accounts, and the "last say" on all Kensington transactions, and admits that Gelin held himself out as the Chief Executive Officer of Kensington.

27.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 27 of the Complaint, except Defendant admits, upon information and belief, that Gelin has been previously convicted of certain unrelated crimes.  Defendant respectfully refers the Court to the documents referenced in Paragraph 27 for a true and accurate rendition of the terms contained therein.

28.     To the extent the allegations of Paragraph 28 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 28 and respectfully refers the Court to the documents referenced therein for a true and accurate rendition of each document's terms, except the following:

Defendant admits that he communicated with Defendants, admits that, at times, he "held himself out as Kensington's Vice President of Client Development," admits that he made certain representations to Plaintiffs regarding the status of their investments, admits that Defendant's signature is on the joint venture agreement between Kensington and Lucas-Barros, admits that Defendant's signature is on the promissory note between Kensington and Lucas-Barros, and admits that Defendant's signature is on the guaranty in favor of Lucas-Barros.

Defendant denies that he "made representations to Plaintiffs to induce them to invest in Kensington," upon information and belief, denies that he executed the joint venture agreement between Kensington and Jo, upon information and belief, denies that he executed the promissory note between Kensington and Jo, upon information and belief, denies that he executed the guaranty in favor of Jo, upon information and belief, denies that he executed the joint venture agreement between Kensington and Sungchan, upon information and belief, denies that he executed the promissory note between Sungchan and Kensington, upon information and belief, denies that he executed the guaranty in favor of Sungchan, and upon information and belief, denies that he executed any documents concerning Hanna.

Defendant further denies that he executed any joint venture agreement, promissory note, or guaranty on behalf of Kensington and denies that he executed any joint venture agreement, promissory note, or guaranty in the capacity of a maker, obligor, or guarantor.[2]

Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief with respect

---

[2] *See* Affirmative Defenses Nineteen and Twenty.

to the allegations of Paragraph 30 of the Complaint, but avers, upon information and belief, that Gelin has an ownership interest in Business Buyers Club LLC ("Business Buyers Club").

**IV.    As and for a Response to "Kensington's Fraudulent Inducement of Plaintiffs' Investments"**

31.    To the extent the allegations of Paragraph 31 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 31.

**A. As and for a Response to "Defendants' Materially False and Misleading Statements Made in Solicitation Calls with Plaintiffs"**

32.    To the extent the allegations of Paragraph 32 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant admits that he conducted a telephone call with Dr. Song, admits that, at certain times, Defendant held himself out as Kensington's Vice President of Client Development, but denies that the "purpose of the call was to convince Dr. Song to borrow capital and enter a joint venture partnership with Kensington," and denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 32 of the Complaint.

33.    Defendant admits that he held a telephone calls with Lucas-Barros and Rev. Jo, denies that the purpose of any call was to solicit an investment with Kensington, and denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 33 of the Complaint.

34.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 34 of the Complaint.

35.    To the extent the allegations of Paragraph 35 of the Complaint contain legal or

factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 35 of the Complaint.

36.     To the extent the allegations of Paragraph 36 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 36 of the Complaint.

37.     To the extent the allegations of Paragraph 37 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 37 of the Complaint.

38.     To the extent the allegations of Paragraph 38 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 38 of the Complaint.

39.     Defendant denies information sufficient to form a belief with respect to the allegations of Paragraph 39 of the Complaint.

40.     To the extent the allegations of Paragraph 40 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     To the extent the allegations of Paragraph 42 of the Complaint contain legal or

factual conclusions, no response is required; to the extent a response is required, Defendant denies that he made representations to Plaintiffs regarding "Section 8 housing."

Defendant admits he did not respond to the letter referenced in Paragraph 42 but avers that he did not receive any such letter and, therefore, could not respond.

Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 42 of the Complaint.

**B. As and for a Response to "Defendants' Materially False and Misleading Statements Made in a Marketing Brochure Sent to Plaintiffs"**

43.     Defendant admits the allegations of Paragraph 43 of the Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 44 of the Complaint and respectfully refers the Court to the document referenced in Paragraph 44 for a true and accurate rendition of the terms contained therein.

45.     Defendant admits that he personally did not inform Plaintiffs that Gelin was a "convicted criminal fraudster"[3] and denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 45 of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 46 of the Complaint and respectfully refers the Court to the document referenced in Paragraph 46 for a true and accurate rendition of the terms contained therein.

47.     To the extent the allegations of Paragraph 47 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

---

[3] *See* Sixth Affirmative Defense.

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 47 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 47 for a true and accurate rendition of the terms contained therein. For the avoidance of doubt, Defendant incorporates his responses set forth in Paragraphs 35-38 of this Answer in his response to Paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 48 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 48 for a true and accurate rendition of the terms contained therein.

49.     To the extent the allegations of Paragraph 49 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 49 of the Complaint.

**C. As and For a Response to "Kensington's Misrepresentations Were Fraudulent and Plaintiffs Relied on Them in Deciding to Invest"**

50.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 50 of the Complaint.

51.     To the extent the allegations of Paragraph 51 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 51 of the Complaint.

52.     To the extent the allegations of Paragraph 52 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph

52 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 52 for a true and accurate rendition of the terms contained therein, except Defendant denies that he is or was a "duplicitous principal[]" of Kensington that has "shown very little regard for the truth."

53.     To the extent the allegations of Paragraph 53 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 53 of the Complaint.

## V.     As and For a Response to "Kensington's Breaches of Contract and Covenant of Good Faith and Fair Dealing"

54.     To the extent the allegations of Paragraph 54 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 54 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 54 for a true and accurate rendition of the terms contained therein.

55.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 55 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 55 for a true and accurate rendition of the terms contained therein.

56.     To the extent the allegations of Paragraph 56 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 56 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 56 for a true and accurate rendition of the terms contained therein.

**A. As and For a Response to "Kensington's Joint Venture Agreements with Plaintiffs"**

57.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 57 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 57 of the Complaint for a true and accurate rendition of the terms contained therein.

58.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 58 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 58 of the Complaint for a true and accurate rendition of the terms contained therein, except Defendant admits that, upon information and belief, Gelin signed the Joint Venture Agreement on behalf of Kensington and denies that Defendant personally "proceeded as if" he had executed any joint venture agreements, promissory notes, or personal guarantees in the capacity of a primary or contingent obligor concerning Sungchan.

59.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 59 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 59 of the Complaint for a true and accurate rendition of the terms contained therein.

60.      Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 60 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 60 of the Complaint for a true and accurate rendition of the terms contained therein.

61.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 61 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 61 of the Complaint for a true and accurate rendition of the

terms contained therein, except Defendant admits that his signature appears on the joint venture agreement between Lucas-Barros and Kensington, admits that his signature appears on the promissory note between Lucas-Barros and Kensington, and admits that his signature appears on a guaranty in favor of Lucas-Barros, but Defendant denies that he executed the aforementioned joint venture agreement, promissory note, or guaranty in the capacity of a maker, obligor, or guarantor.

62.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 62 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 62 of the Complaint for a true and accurate rendition of the terms contained therein.

63.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 63 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 63 of the Complaint for a true and accurate rendition of the terms contained therein.

64.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 64 of the Complaint, except Defendant denies that Defendant personally "proceeded as if" he had executed any joint venture agreement or other agreement, promissory notes, or personal guarantees in the capacity of a maker, obligor, or guarantor.

65.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 65 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 65 of the Complaint for a true and accurate rendition of the terms contained therein.

**B. As and For a Response to "Kensington's Breaches of the Joint Venture Agreements"**

66.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 66 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 66 of the Complaint for a true and accurate rendition of the terms contained therein.

67.     To the extent the allegations of Paragraph 67 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 67 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 67 for a true and accurate rendition of the terms contained therein.

68.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 68 of the Complaint.

69.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 69 of the Complaint.

70.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 70 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 70 of the Complaint for a true and accurate rendition of the terms contained therein.

71.     To the extent the allegations of Paragraph 71 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 71 of the Complaint.

72.     To the extent the allegations of Paragraph 72 of the Complaint contain legal or

factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 72 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 72 for a true and accurate rendition of the terms contained therein.

73.    To the extent the allegations of Paragraph 73 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 73 of the Complaint.

74.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 74 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 74 for a true and accurate rendition of the terms contained therein.

75.    To the extent the allegations of Paragraph 75 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 75 of the Complaint.

76.    To the extent the allegations of Paragraph 76 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 76 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 76 for a true and accurate rendition of the terms contained therein.

77.    To the extent the allegations of Paragraph 77 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 77 of the Complaint.

78.      Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 78 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 78 for a true and accurate rendition of the terms contained therein.

79.      To the extent the allegations of Paragraph 79 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 79 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 79 for a true and accurate rendition of the terms contained therein.

80.      To the extent the allegations of Paragraph 80 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 80 of the Complaint.

### C.  As and For a Response to "Terms of the Joint Venture Agreements Applicable to Kensington's Breaches"

81.      To the extent the allegations of Paragraph 81 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 81 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 81 for a true and accurate rendition of the terms contained therein.

82.      To the extent the allegations of Paragraph 82 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 82 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 82 for a true and accurate rendition of the terms contained therein.  Additionally, Defendant denies that he is personally liable for any breach of any agreement by Kensington or personally bound by any joint venture agreement.  Defendant also denies that he is personally liable pursuant to any promissory note or guaranty concerning Plaintiffs.

83.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 83 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 83 for a true and accurate rendition of the terms contained therein.

84.     To the extent the allegations of Paragraph 84 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 84 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 84 for a true and accurate rendition of the terms contained therein, except the following:

Upon information and belief, Defendant denies that he executed any joint venture agreement, promissory note, or guaranty concerning Sungchan; upon information and belief, Defendant denies that he is the executed any joint venture agreement, promissory note, or guaranty concerning Hanna; upon information and belief, Defendant denies that he executed any agreement, promissory note, or guaranty concerning Jo.

Defendant further denies that he executed  any other agreement, promissory note, or guaranty in the capacity of a maker, obligor, or guarantor.[4]

---

[4] *See* Affirmative Defenses Nineteen and Twenty.

Defendant denies that he provided "personal guarantees as surety for the Loan[s] from [Plaintiffs] to [Kensington];" Defendant denies that he has "committed [his] personal assets to satisfying Kensington's unpaid debt to Plaintiffs under the Joint Venture Agreements.

However, Defendant admits, upon information and belief, that Gelin has guaranteed Kensington's obligations to Plaintiffs.

For the avoidance of doubt, Defendant denies all personal liability to Plaintiffs.

**D. As and For a Response to "Kensington Breaches Its Additional Contracts with Reverend Jo"**

85.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 85 of the Complaint.

86.     To the extent the allegations of Paragraph 86 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 86 of the Complaint.

87.     To the extent the allegations of Paragraph 87 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 87 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 87 for a true and accurate rendition of the terms contained therein.

88.     To the extent the allegations of Paragraph 88 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 88 of the Complaint.

VI.     As and For a Response to "Kensington's Breaches of Its Fiduciary Duty and Negligence"

89.     To the extent the allegations of Paragraph 89 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 89 of the Complaint.

90.     To the extent the allegations of Paragraph 90 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 90 of the Complaint.

91.     To the extent the allegations of Paragraph 91 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 91 of the Complaint.

92.     To the extent the allegations of Paragraph 92 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 92 of the Complaint.

93.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 93 of the Complaint.

94.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 94 of the Complaint.

95.     Defendant admits that he has had certain contacts with Hanna's brother, described in Paragraph 95 as an "independent marketing contractor;" Defendant admits that he met

McFarland in a bar; Defendant admits that he introduced McFarland to Gelin and Kensington; Defendant admits, upon information and belief, that Gelin, on behalf of Kensington, "decided to invest in the Nashville real estate market using McFarland as an agent;" Defendant admits, upon information and belief, that "McFarland was 'running Tennessee' for Kensington, and, as such, Gelin sent money to McFarland;"

Defendant denies that he "decided to invest in the Nashville real estate market using McFarland as an agent;"

Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 95 of the Complaint.

96.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 96 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 96 for a true and accurate rendition of the terms contained therein.  For the avoidance of doubt, and to the extent that Gelin's statements in a supposed e-mail are intended to function as operative allegations of the Complaint, Defendant denies that he "convinced" Gelin that "the earning potential in TN was greater than NJ."  Defendant further denies knowledge or information sufficient to form a belief concerning why, if at all, Kensington and Gelin (or any other defendant) invested Plaintiffs' money in Tennessee.  Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 96 of the Complaint.

97.     To the extent the allegations of Paragraph 97 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 97 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 97

for a true and accurate rendition of the terms contained therein.

98.     To the extent the allegations of Paragraph 98 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 98 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 98 for a true and accurate rendition of the terms contained therein, except Defendant admits he met McFarland in a bar.  For the avoidance of doubt, Defendant denies knowledge or information sufficient to form a belief with respect to whether Plaintiffs' investments were "divert[ed] . . . to Nashville . . . ."

99.     To the extent the allegations of Paragraph 99 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 99 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 99 for a true and accurate rendition of the terms contained therein.

100.    To the extent the allegations of Paragraph 100 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 100 of the Complaint.

101.    To the extent the allegations of Paragraph 101 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 101 of the Complaint.

102.    To the extent the allegations of Paragraph 102 of the Complaint contain legal or

factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 102 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 102 for a true and accurate rendition of the terms contained therein.

103.    To the extent the allegations of Paragraph 103 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 103 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 103 for a true and accurate rendition of the terms contained therein.

104.    To the extent the allegations of Paragraph 104 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 104 of the Complaint, except Defendant admits, upon information and belief, that McFarland, Gelin, or both (or some entity in which one or either possess an interest) have absconded with Plaintiffs' assets; Defendant further admits that he stated he would go to Nashville to investigate.

105.    To the extent the allegations of Paragraph 105 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 105 of the Complaint.

**VII.    As and For a Response to "Kensington's Fraudulent Statements After Plaintiffs' Investment"**

106.    To the extent the allegations of Paragraph 106 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph

106 of the Complaint.

107.     To the extent the allegations of Paragraph 107 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 107 of the Complaint.

108.     To the extent the allegations of Paragraph 108 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 108 of the Complaint.

**A.  Kensington's Fraudulent Statements Regarding Properties**

109.     To the extent the allegations of Paragraph 109 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 109 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 109 for a true and accurate rendition of the terms contained therein.

110.     To the extent the allegations of Paragraph 110 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 110 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 110 for a true and accurate rendition of the terms contained therein.

111.     To the extent the allegations of Paragraph 111 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph

111 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 111 for a true and accurate rendition of the terms contained therein.

112.     To the extent the allegations of Paragraph 112 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 112 of the Complaint.

### B. As and For a Response to "Kensington's Fraudulent Concealment Regarding Properties"

113.     To the extent the allegations of Paragraph 113 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 113 of the Complaint.

114.     To the extent the allegations of Paragraph 114 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 114 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 114 for a true and accurate rendition of the terms contained therein, except Defendant denies that Southern Land Partners, LLC was a Kensington subsidiary.

115.     To the extent the allegations of Paragraph 115 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 115 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 115 for a true and accurate rendition of the terms contained therein, except Defendant admits he met McFarland in a bar.

116.    To the extent the allegations of Paragraph 116 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 116 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 116 for a true and accurate rendition of the terms contained therein.

117.    To the extent the allegations of Paragraph 117 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 117 of the Complaint, except Defendant admits he met McFarland in a bar.

**C. As and For a Response to "Kensington's Fraudulent Concealment Regarding Debt Service Payments"**

118.    To the extent the allegations of Paragraph 118 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 118 of the Complaint.

119.    To the extent the allegations of Paragraph 119 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 119 of the Complaint.

120.    To the extent the allegations of Paragraph 120 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 120 of the Complaint.

121.    To the extent the allegations of Paragraph 121 of the Complaint contain legal or

factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 121 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 121 for a true and accurate rendition of the terms contained therein.

122.    To the extent the allegations of Paragraph 122 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 122 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 122 for a true and accurate rendition of the terms contained therein.

123.    To the extent the allegations of Paragraph 123 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 123 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 123 for a true and accurate rendition of the terms contained therein.

124.    To the extent the allegations of Paragraph 124 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 124 of the Complaint, except Defendant admits met McFarland in a bar and, upon information and belief, denies that he executed agreements, promissory notes, and guarantees concerning Sungchan, Hanna, and Jo.  Furthermore, to the extent that any such agreements, promissory notes, and guarantees were executed by Defendant, Defendant denies that he executed those documents as a maker, obligor, or guarantor.

125.    Defendant denies knowledge or information sufficient to form a belief with respect

to the allegations of Paragraph 125 of the Complaint.

126.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 126 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 126 for a true and accurate rendition of the terms contained therein.

127.    To the extent the allegations of Paragraph 127 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 127 of the Complaint; to the extent the allegations of Paragraph 124 of the Complaint are intended to be operative in Paragraph 127, Defendant respectively refers the Court to Paragraph 124 of this Answer.

128.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 128 of the Complaint.

**VIII.   As and For a Response to "Plaintiffs' Damages Resulting from Their Investments in Kensington"**

129.    To the extent the allegations of Paragraph 129 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 129 of the Complaint.

**A.  As and For a Response to "Dr. Song's and Ms. Song's Damages"**

130.    To the extent the allegations of Paragraph 130 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 130 of the Complaint.

29

131.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 131 of the Complaint.

132.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 132 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 132 for a true and accurate rendition of the terms contained therein.

### B.  As and For a Response to "Lucas-Barros's Damages"

133.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 133 of the Complaint.

134.     Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 134 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 134 for a true and accurate rendition of the terms contained therein.

### C.  As and For a Response to "Rev. Jo's Damages"

135.     To the extent the allegations of Paragraph 135 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 135 of the Complaint.

### IX.    As and For a Response to "Alter Ego Allegations"

136.     Defendant admits that, upon information and belief, that Gelin is an owner of Kensington and Business Buyers Club, LLC but denies knowledge or information sufficient to form a belief with respect to the allegations concerning Hernandez.

137.     Defendant admits that, upon information and belief, Kensington and Business

Buyers Club are close companies.

138.    Defendant admits that Gelin held himself out as Kensington's Chief Executive Officer and executed legal documents under that title, and admits, upon information and belief, the remaining allegations of Paragraph 138 of the Complaint, except Defendant denies knowledge or information sufficient to form a belief with respect to any allegations concerning Hernandez.

139.    Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 139 of the Complaint.

140.    Defendant responds to each of the subparts of Paragraph 140 of the Complaint as follows:

> (a) Defendant admits the allegations of Paragraph 140(a) of the Complaint with respect to Gelin but denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 140(a) concerning Hernandez;
>
> (b) Defendant admits the allegations of Paragraph 140(b) of the Complaint;
>
> (c) Defendant admits, upon information and belief, the allegations of Paragraph 140(c) of the Complaint concerning Gelin but denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph 140(c) with respect to Hernandez;
>
> (d) Defendant admits, upon information and belief, the allegations of Paragraph 140(d) of the Complaint concerning Gelin but denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph 140(d) with respect to Hernandez;
>
> (e) Defendant admits, upon information and belief, the allegations of Paragraph 140(e) of the Complaint concerning Gelin but denies knowledge or information

sufficient to form a belief concerning the allegations of Paragraph 140(e) with respect to Hernandez;

(f) Defendant admits, upon information and belief, the allegations of Paragraph 140(f) of the Complaint concerning Gelin but denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph 140(f) with respect to Hernandez.

141.     Defendant admits, upon information and belief, the allegations of Paragraph 141 of the Complaint with respect to Gelin but denies knowledge or information sufficient to form a belief concerning the allegations of Paragraph 141 with respect to Hernandez.

**X.     As and For a Response to "Causes of Action"**

**AS AND FOR AN ANSWER
TO COUNT I
(Fraudulent Inducement)**

142.     To the extent the allegations of Paragraph 142 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 142 of the Complaint, except Defendant denies that he represented Kensington worked with contractors that were "'Section 8 housing approved' allowing [Kensington] to obtain units from the government at below market value . . . ."

143.     To the extent the allegations of Paragraph 143 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 143 of the Complaint.

144.     To the extent that Defendant made any representations to Plaintiffs as set forth in

the Complaint, and to the extent that any such representations were false, Defendant denies that he knew such representations were false or misleading at the time he made such representations; Defendant further denies that any representations made by him were made for the purpose of inducing Plaintiffs "to invest with Kensington and enter into Joint Venture Agreements." Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 144 of the Complaint.

145.    To the extent the allegations of Paragraph 145 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 145 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 145 of a true and accurate rendition of the terms contained therein.

146.    To the extent the allegations of Paragraph 146 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 146 of the Complaint.

147.    To the extent the allegations of Paragraph 147 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 147 of the Complaint.

148.    To the extent the allegations of Paragraph 148 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies the allegations of Paragraph 148 of the Complaint to the extent the allegations are alleged against him personally and denies knowledge or information sufficient to form a belief with respect to the

allegations of Paragraph 148 of the Complaint concerning the remaining defendants.

## AS AND FOR AN ANSWER
## TO COUNT II
## (Breach of Contract)

149.     To the extent the allegations of Paragraph 149 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 149 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 149 for a true and accurate rendition of the terms contained therein, except the following:

Defendant, upon information and belief, denies that he executed Sungchan's joint venture agreement; upon information and belief, Defendant denies he executed any alleged joint venture agreement concerning Hanna; upon information and belief, Defendant denies that he executed Jo's joint venture agreement;[5]

Defendant denies that he executed Lucas-Barros' joint venture agreement on behalf of Kensington or himself personally, but admits that Lucas-Barros' joint venture agreement contains his signature.[6]

Defendant admits, upon information and belief, that Gelin, on behalf of Kensington, executed the joint venture agreements between Kensington and Sungchan, Kensington and Lucas-Barros, and  Kensington and Jo.  Upon information and belief, Gelin also executed all relevant promissory notes and guarantees on behalf of Kensington and/or himself personally.

150.     To the extent the allegations of Paragraph 150 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

---

[5] *See* FN1.  Upon information and belief, Defendant also denies that he executed any promissory note or guaranty in favor of Sungchan, Hanna, or Jo and denies that he executed any promissory note in favor of Lucas-Barros as a maker, obligor, or guarantor.

[6] *See* Affirmative Defense Nineteen and Twenty.

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 150 of the Complaint.

151.    To the extent the allegations of Paragraph 151 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 151 of the Complaint.

152.    To the extent the allegations of Paragraph 152 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 152 of the Complaint, except Defendant denies that he personally breached any agreement.

153.    To the extent the allegations of Paragraph 153 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 153 of the Complaint and respectfully directs the Court to the documents referenced in Paragraph 153 for a true and accurate rendition of the terms contained therein.

154.    To the extent the allegations of Paragraph 154 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 154 of the Complaint.

155.    To the extent the allegations of Paragraph 155 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 155 of the Complaint.

## AS AND AS AND FOR AN ANSWER
## TO COUNT III
## (Breach of Implied Covenant of
## Good Faith and Fair Dealing)

156.    To the extent the allegations of Paragraph 156 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 156 of the Complaint and respectfully direct the Court to the documents referenced in Paragraph 156 for a true and accurate rendition of the terms contained therein, except the following:

Upon information and belief, Defendant denies that he executed Sungchan's joint venture agreement; upon information and belief, Defendant denies he executed any alleged joint venture agreement concerning Hanna; upon information and belief, Defendant denies that he executed Jo's joint venture agreement.[7]

Defendant denies that he executed Lucas-Barros' joint venture agreement on behalf of Kensington or himself personally, but admits that Lucas-Barros' joint venture agreement contains his signature.[8]

Defendant admits, upon information and belief, that Gelin, on behalf of Kensington, executed the joint venture agreements between Kensington and Sungchan, Kensington and Lucas-Barros, and  Kensington and Jo.  Upon information and belief, Gelin also executed all relevant promissory notes and guarantees on behalf of Kensington and/or himself personally.

157.    To the extent the allegations of Paragraph 157 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

---

[7] *See* FN1.  Upon information and belief, Defendant also denies that he executed any promissory note or guaranty in favor of Sungchan, Hanna, or Jo and denies that he executed any promissory note in favor of Lucas-Barros as a maker, obligor, or guarantor.

[8] *See* Affirmative Defenses Nineteen and Twenty.

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 157 of the Complaint.

158.    To the extent the allegations of Paragraph 158 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 158 of the Complaint.

159.    To the extent the allegations of Paragraph 159 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 159 of the Complaint.

**AS AND FOR AN ANSWER**
**TO COUNT IV**
**(Breach of Fiduciary Duty)**

160.    To the extent the allegations of Paragraph 160 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 160 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 160 for a true and accurate rendition of the terms contained therein.

161.    To the extent the allegations of Paragraph 161 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 161of the Complaint.

162.    To the extent the allegations of Paragraph 162 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 162 of the Complaint.

163.    To the extent the allegations of Paragraph 163 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 163 of the Complaint.

**AS AND FOR AN ANSWER**
**TO COUNT V**
**(Negligence)**

164.    To the extent the allegations of Paragraph 164 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 164 of the Complaint and respectfully refers the Court to the documents referenced in Paragraph 164 for a true and accurate rendition of the terms contained therein, except the following:

Upon information and belief, Defendant denies that he executed Sungchan's joint venture agreement; upon information and belief, Defendant denies he executed any alleged joint venture agreement concerning Hanna; upon information and belief, Defendant denies that he executed Jo's joint venture agreement.[9]

Defendant denies that he executed Lucas-Barros' joint venture agreement on behalf of Kensington or himself personally, but admits that Lucas-Barros' joint venture agreement contains his signature.[10]

Defendant admits, upon information and belief, that Gelin, on behalf of Kensington,

---

[9] *See* FN1.  Upon information and belief, Defendant also denies that he executed any promissory note or guaranty in favor of Sungchan, Hanna, or Jo and denies that he executed any promissory note in favor of Lucas-Barros as a maker, obligor, or guarantor.
[10] *See* Affirmative Defenses Nineteen and Twenty.

executed the joint venture agreements between Kensington and Sungchan, Kensington and Lucas-Barros, and Kensington and Jo, respectively.  Upon information and belief, Gelin also executed all relevant promissory notes and guarantees on behalf of Kensington and/or himself personally.

166.     To the extent the allegations of Paragraph 165 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 165 of the Complaint.

166.     To the extent the allegations of Paragraph 166 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 166 of the Complaint.

167.     To the extent the allegations of Paragraph 167 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 167 of the Complaint.

**AS AND FOR AN ANSWER
TO COUNT VI
<u>(Fraudulent Concealment)</u>**

168.     To the extent the allegations of Paragraph 168 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 168 of the Complaint and respectfully direct the Court to the documents referenced in Paragraph 168 for a true and accurate rendition of the terms contained therein.  Defendant further incorporates his responses to Paragraphs 114, 116, 121, and 126 of the Complaint, *supra*, into Paragraph 168

of this Answer.

169.   To the extent the allegations of Paragraph 169 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 169 of the Complaint and respectfully direct the Court to the documents referenced in Paragraph 169 for a true and accurate rendition of the terms contained therein, except the following:

Defendant admits he met McFarland in a bar.

Upon information and belief, Defendant denies that he executed any promissory note or guaranty in favor of Sungchan; upon information and belief, Defendant denies that he executed any promissory note or guaranty in favor of Hanna; upon information and belief, Defendant denies that he executed any promissory note or guaranty in favor of Jo.

Defendant denies that he executed any promissory note or guaranty in favor of Lucas-Barros' in the capacity of a maker, obligor, or guarantor, but admits that the promissory note and guaranty in favor of Lucas-Barros' contain his signature.[11]

Defendant admits, upon information and belief, that Gelin, on behalf of Kensington, executed the joint venture agreements between Kensington and Sungchan, Kensington and Lucas-Barros, and Kensington and Jo, respectively.  Upon information and belief, Gelin also executed all relevant promissory notes and guarantees on behalf of Kensington and/or himself personally.

170.   To the extent the allegations of Paragraph 170 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 170 of the Complaint.

---

[11] *See* Affirmative Defenses Nineteen and Twenty.

171.     To the extent the allegations of Paragraph 171 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 171 of the Complaint.

172.     To the extent the allegations of Paragraph 172 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 172 of the Complaint.

173.     To the extent the allegations of Paragraph 173 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 173 of the Complaint.

174.     To the extent the allegations of Paragraph 174 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 174 of the Complaint.

175.     To the extent the allegations of Paragraph 175 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies the allegations of Paragraph 175 of the Complaint to the extent the allegations are alleged against him personally and denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 175 of the Complaint with respect to the remaining defendants.

## AS AND FOR AN ANSWER
## TO COUNT VII
## (Equitable Accounting)

176.    To the extent the allegations of Paragraph 176 of the Complaint contain legal or factual conclusions, no response is required; to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 176 of the Complaint, except Defendant denies that he is in possession, custody, or control of the books and records or any other financial information concerning Kensington, Business Buyers Club, Gelin, and Hernandez; Defendant further denies that he is in possession, custody, or control of any records demonstrating the disposition of Plaintiffs' loans.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not stated a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

Defendant has a defense based upon payment or other compensation conveyed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Defendant was unaware that any of the statements he allegedly made to Plaintiffs were false at the time such statements were made.

## FIFTH AFFIRMATIVE DEFENSE

Any allegedly false statements made by Defendant were merely parroted information that was provided to Defendant by Kensington, Gelin, and Busines Buyers Club which Defendant reasonably believed to be true at the time such representations were made.

### SIXTH AFFIRMATIVE DEFENSE

Edwards was unaware that Gelin was a convicted felon at all times relevant to Plaintiffs' Complaint.  Similarly, Edwards was unaware of McFarland's alleged criminal convictions or violations at all times relevant to the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs materially breached the terms of their respective contracts and Defendant's alleged remaining duties under any agreements, promissory notes, or guarantees, if any, were excused.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged reliance on any statements allegedly made by Defendant was unreasonable and/or Plaintiffs knew or should have known that Defendant's alleged statements were false.

### NINTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of consent and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs is subject to offset.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by payment, whether in the form of cash, services, or other value given and received.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for fraudulent inducement, fraudulent misrepresentation, breach of the covenant of good faith and fair dealing, negligence, and breach of fiduciary duty are impermissibly duplicative.  Additionally, a claim for breach of the covenant of good faith and fair dealing fails as a matter of law where it merely restates the breach of an explicit term of a contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is not in possession, custody, or control of the books and records of Kensington, Business Buyers Club, Southern Land Partners, or any other entity associated with Kensington, Gelin, Hernandez, or McFarland.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack privity with Defendant and cannot enforce any agreement, promissory note,

44

or guaranty against Defendant because: (a) Defendant did not execute certain of those joint venture agreements; (b) there is no agreement, promissory note, or guaranty between or among Defendant, Hanna and any other defendant; (c) the explicit terms of the joint venture agreements do not define Defendant as a party or obligor; (d) the explicit terms of the promissory notes do not define Defendant as a maker or obligor of the promissory notes; (e) the explicit terms of the guarantees do not define Defendant as a guarantor of any debt (instead, the guarantees name Gelin and/or Eric Callahan as guarantors).

## TWENTIETH AFFIRMATIVE DEFENSE

In the alternative, to the extent that Defendant is found to have executed any agreement, promissory note, or guaranty, the relevant agreement, promissory note, or guaranty is void because it was obtained via fraud.  Gelin knowingly and falsely represented to Defendant that Gelin required Defendant's signature on certain joint venture agreements, promissory notes, and guarnatees as a "witness" because such documents did not legally bind Plaintiffs in the absence of a witness' signature; Gelin further represented to Defendant that Defendant would not be personally liable to Plaintiffs; Defendant reasonably relied on Gelin's representations because Defendant believed Gelin to be his mentor and Gelin was in a special position of trust and confidence with respect to Defendant.  Furthermore, because the agreements, promissory notes, and guarantees do not name Defendant as a party, maker, obligor, or guarantor, Defendant reasonably relied on Gelin's representations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not personally engage in any course of conduct or course of dealing to ratify any agreement or obligation or otherwise create an enforceable contract by operation of law between himself personally and Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not personally receive the proceeds of Plaintiffs' loans to Kensington.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Jo lacks privity with Defendant in connection with the "Termination Agreement" and the settlement agreement Jo executed with Kensington and/or Gelin.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

New York law does not permit punitive or exemplary damages to be imposed against Defendant under the circumstances set forth in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is not and was not personally a fiduciary of Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth allegations with sufficient particularity with respect to Hanna's cause of action for fraud and breach of fiduciary duty against Defendant.  The Complaint omits any allegation that Defendant ever spoke to Hanna, that Hanna relied on Defendant's representations, or that such representations were reasonable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth allegations with sufficient particularity concerning "alter ego" or "piercing the corporate veil" liability against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant does not have, and has never had, access to, or authority over, the bank accounts or other assets of Gelin, Hernandez, Kensington, or Business Buyers Club.  For that reason, Defendant has not, and could not, direct, approve, or control the use of any loans made by Plaintiffs

46

to Gelin, Hernandez, Kensington, or Business Buyers Club.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant hereby gives notice that he intends to rely upon such affirmative defenses as may become available or apparent during discovery or trial, and reserve the right to amend this Answer to assert such defenses.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CROSS CLAIMS AND THIRD PARTY CLAIMS

As and for Eyan Edwards' ("Edwards") cross-claims against defendants Kensington International, Inc. ("Kensington), John Gelin ("Gelin"), Rhina Hernandez ("Hernandez"), and The Business Buyers Club, LLC ("Business Buyers Club") and third-party defendant Burke McFarland ("McFarland") (collectively, the "Third Party Defendant") alleges as follows:

## NATURE OF THE ACTION

1.     This cross-claim and third party claim sounds in negligence, indemnification, and contribution. Edwards, an individual that has no formal training or experience in the real estate or finance industries, was enlisted by Gelin and used as a pawn to recruit investors for the supposed purpose of investing in the Newark, New Jersey metropolitan real estate market through Gelin's entity, Kensington.  Edwards relied on Gelin as his mentor and placed Gelin in a special position of trust and confidence.  To the extent Edwards has any liability to Plaintiffs, that liability was directly and proximately caused by Gelin, Hernandez, Kensington, Business Buyers Club, and McFarland.

## PARTIES

2.     Edwards is a natural personal and a resident of the State of Florida.

3.     At all times relevant to the Complaint, Edwards was an independent contractor of Kensington.

4.     Upon information and belief, Kensington is a New York State Corporation with its principal place of business located in Brooklyn, New York.

5.     Upon information and belief, Business Buyers Club is New York Limited Liability Company with its principal place of business located in Brooklyn, New York.

6.      Upon information and belief, Gelin is a natural person and a resident of the State of New York.

7.      Upon information and belief, Gelin possesses an ownership interest in Kensington.

8.      Upon information and belief, Gelin is the Chief Executive Officer of Kensington.

9.      Upon information and belief, Gelin is the Chief Executive Officer or Managing Member of Business Buyers Club.

10.     Upon information and belief, Gelin possesses an ownership interest in Business Buyers Club.

11.     Upon information and belief, Hernandez is a natural person and a resident of the State of New York.

12.     Upon information and belief, Hernandez is Gelin's wife.

13.     Upon information and belief, Hernandez has an ownership interest in Business Buyers Club.

14.     Upon information and belief, McFarland is a natural person and a resident of Tennessee.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,500, exclusive of interest and costs, and the action is between citizens of different States. Upon information and belief, Plaintiffs are residents of California, Edwards is a resident of Florida, and the Third Party Defendants are residents or entities incorporated in New York or Tennessee.

16.     Venue in this District is proper because many of the acts and transactions giving rise to the alleged violations of law alleged in Plaintiffs' Complaint and Edwards' Cross-Complaint and Third Party Complaint occurred in this District, and a plurality of the Third Party Defendants are residents of this district or have their principal places of busines located in this district.

**AS AND FOR EDWARDS' FIRST
CROSS-CLAIM AND
THIRD PARTY CLAIM AGAINST ALL
<u>THIRD PARTY DEFENDANTS</u>**
(Negligence)

17.     Edwards repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

18.     Each of the Third Party Defendants had a duty of ordinary care to Edwards to conduct business and make investments in a reasonably prudent manner.

19.     Each of the Third Party Defendants breached their duties of ordinary care.

20.     The Third Party Defendants' respective breaches caused injury to Edwards in an amount to be determined at trial, but in no event less than $75,500.

**AS AND FOR EDWARDS' SECOND
CROSS-CLAIM AND
THIRD PARTY CLAIM AGAINST ALL
<u>THIRD PARTY DEFENDANTS</u>**
(Common Law Indemnification)

21.     Edwards repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

22.     Each of the Third Party Defendants owed Edwards a duty of ordinary care to conduct business and make investments in a reasonably prudent manner.

23.     Each of the Third Party Defendants owed Edwards a duty of honesty and fair dealing.

24.     Gelin and McFarland owed Edwards fiduciary duties of utmost loyalty.

25.     Each of the Third Party Defendants is responsible for his, her, or its negligence, breach of fiduciary duty, and other wrongdoing.

26.     Edwards was not a knowing participant in any alleged wrongdoing.

27.     To the extent that Edwards is found liable to Plaintiffs for any alleged wrongdoing, Edwards is entitled to indemnification from the Third Party Defendants in an amount to be proved at trial.

## AS AND FOR EDWARDS' THIRD
## CROSS-CLAIM AND
## THIRD PARTY CLAIM AGAINST ALL
## <u>THIRD PARTY DEFENDANTS</u>
(Common Law Contribution)

28.     Edwards repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

29.     Each of the Third Party Defendants owed Edwards a duty of ordinary care to conduct business and make investments in a reasonably prudent manner.

30.     Each of the Third Party Defendants owed Edwards a duty of honesty and fair dealing.

31.     Gelin and McFarland owed Edwards fiduciary duties of utmost loyalty.

32.     The Third Party Defendants breached their fiduciary duties and duties of ordinary care when they negligently, recklessly, and/or deliberately misappropriated and/or wasted the assets of Southern Land Partners, LLC, Kensington, and Business Buyers Club.

33.     The wasteful conduct of the Third Party Defendants caused injury to Edwards.

34. To the extent that Edwards is found liable to Plaintiffs for any alleged wrongdoing, Edwards is entitled to contribution from the Third Party Defendants in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Edwards prays for judgment dismissing Plaintiffs' claims as against him in their entirety and, to the extent that Edwards is found liable to Plaintiffs, a judgment against Third Party Defendants in an amount to be determined at trial, but in no event less than $75,500 with such other relief as to which this Court deems just and equitable.

Dated: New York, New York
      April 9, 2021

ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.


By: /s/ Michael E. Greene
     Michael E. Greene, Esq.
     Andrew T. Lolli, Esq.

875 Third Avenue, 9th Floor
New York, New York 10022
(212) 603-6300
meg@robinsonbrog.com
atl@robinsonbrog.com

*Attorneys for Eyan Edwards*