UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Sungchan Song, Hanna Song, Karen Lucas-Barros, and Aseo Jo,

        Plaintiffs,

-against-

Kensington International, Inc., John Gelin, Eyan Edwards, Rhina Hernandez, and The Business Buyers Club, LLC,

        Defendants.
-------------------------------------------------------X

No. 1:21-cv-00543-ENV-TAM

**AFFIDAVIT IN SUPPORT OF MOTION**

JIGAR PATEL, being duly sworn, deposes and says:

1. Deponent is the Proposed Intervenor in the above action.

2. I make this Affidavit in Support of the Motion to Intervene herein.

3. Like the plaintiffs in the action in which intervention is hereby sought, I am one of many victims of a sophisticated real estate fraud scheme carried on by fraudsters working on behalf of a company called Kensington International, Inc. ("Kensington").

4. In or about early 2018, an acquaintance told me about a successful investment he had made with Kensington, without having to invest his own money. He thereafter proceeded to introduce me to the principals of Kensington.

5. I was initially introduced to Eyan Edwards. Edwards advised me how Kensington would help me get access to money for the purpose of investing in real estate, with no upfront or out of pocket cost, simply by virtue of having good credit. It was represented to me that Kensington would be purchasing, renovating and then selling various properties and that, if I cooperated in obtaining loans for this venture, Kensington would take care of the "debt financing" and that it would pay the loans on my behalf.

6. Edwards directed me to review the Kensington website, which is now defunct, and pointed me towards brochures, social media, testimonials, and videos, all portraying Kensington as a knowledgeable and legitimate real estate investment entity.

7. In order to begin the process, Edwards instructed me to submit various personal information to determine whether I could qualify to get pre-approved for funds for this investment venture. I submitted the information at Edwards' request.

8. On January 23, 2018, Edwards sent me an email to congratulate me on my approval for $75,000-$100,000 in credit and $175,000-$350,000 in cash lines. He attached a file with "next steps" entitled "Kensington International Client Next Steps.pdf". Among these documents was the Kensington Joint Venture Agreement ("JVA").

9. Edwards thereafter introduced me to Kay Van Thao, who was identified as the "finance partner" of Kensington.

10. I provided Van Thao with requested personal information on or about February 3, 2018. This information was utilized by Van Thao to apply for multiple credit lines in my name.

11. I did not personally submit any loan applications to any lenders. This was done by Kensington's "finance partner" with assurances that it was being done properly and in a lawful manner.

12. I eventually entered into a Joint Venture Agreement based upon the representations given to me about this allegedly legitimate real estate venture. The agreement was executed by and between myself, and Kensington principals, Eyan Edwards and John Gelin during the first week of March 2018.

13. Kensington took the wired funds from the credit lines obtained in my name to purportedly move forward with the investment. Kensington provided me with updates as

to the status of these projects and initially, all seemed legitimate. I received periodic text messages from Edwards advising me that the process was moving along.

14. I was being consulted with potential properties in the local area at first and was then told about potential investments in Tennessee. I grew increasingly concerned over the shifts in investment options but was repeatedly assured by Kensington that things were moving along as planned.

15. Eventually I was told that there were delays in obtaining building permits, refinancing issues, and other issues that led to defaults on loan payments.

16. Kensington made initial loan payments on my behalf but in or about February 2019, Kensington stopped making debt service payments on my loans. I soon began to receive collection calls from lenders. When I called Kensington, they assured me (falsely) that these matters were being taken care of. I was given a variety of excuses for the missed payments and given false reassurance that these payments would now be made.

17. I was even reassured by Kensington that they would able to do credit repair and fix my credit once the deal was done. This pattern of missed payments and false reassurances from Kensington and Edwards continued throughout 2021.

18. I am not sophisticated in these matters and believed the convincing assurances being given to me by the fraudsters at Kensington.

19. It became apparent to me that these unpaid loans were not being satisfied by Kensington. Soon after, I stumbled upon the within lawsuit against Kensington. Upon the realization that I was duped by Kensington's fraudulent misrepresentations the same way the plaintiffs in this action were, I sought legal counsel to intervene in this matter.

20. Based on the foregoing, and the information obtained from by attorney, I believe I meet the criteria to intervene in this action.

Duly sworn to before me this 29th day of April, 2022

_____
Notary Public

JULIE NAWAR
NOTARY PUBLIC
State of New Jersey
My Comm. Expires September 24, 2026

_____
JIGAR PATEL